IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL-MICHAEL ZIEGFIELD STARDUST,

                           Plaintiff,                      OPINION AND ORDER

    v.

                                                      25-cv-877-wmc

ANGELA ROBERTS, SOCIAL WORKER ZANK,
JARED HOY, MELISSA ROBERTS, and
CITY OF FOND DU LAC,

                           Defendants.

---

      Plaintiff Paul-Michael Ziegfield Stardust, who is representing himself while on supervised release from Jackson Correctional Institution ("JCI"), brings this suit against various administrators and employees of the Wisconsin Department of Corrections ("DOC") and the City of Fond du Lac, Wisconsin, alleging that they violated his constitutional rights when they failed to provide him with housing in the City of Fond du Lac, Wisconsin upon his supervised release from prison. Plaintiff has paid the full filing fee for this action, so the complaint does not have to be screened under the *in forma pauperis* statute, 28 U.S.C. § 1915. However, the court has the inherent authority to screen the case on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non prisoners alike, regardless of fee status."). Here, the court directed the clerk of court to withhold service until the court has completed review of the complaint.

      On review, the court accepts plaintiff's allegations as true and construes them generously, holding the amended complaint to a less stringent standard than one a lawyer

drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiff's allegations against the DOC defendants fail to state a federal claim upon which relief may be granted and his allegations against the City of Fond du Lac are too vague to meet the pleading standard of Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss plaintiff's complaint without prejudice and give him a brief opportunity to file an amended complaint that fixes the problems with his claim against the city, as set forth below.

OPINION

Plaintiff has filed suit against Supervision Agent Angela Roberts, JCI Social Worker Zank, DOC Secretary Jared Hoy, DOC Deputy Secretary Melissa Roberts, and the City of Fond du Lac. He alleges that defendants violated his rights under the Eighth Amendment by not allowing him to move into a friend's house in Fond du Lac and failing to find him adequate housing, which forced him to live in a tent in the woods. However, plaintiff does not have a constitutional right to be provided with housing or housing assistance upon his release from prison. *See Morris v. White*, No. 14-cv-1391, 2015 WL 11110944, at *2 (E.D. Va. Jan. 7, 2015), *aff'd*, 607 F. App'x 346 (4th Cir. 2015); *Brown-El v. Murphy*, No. 11-cv-757, 2011 WL 8879267, at *2 (E.D. Va. Sept. 19, 2011), *aff'd*, 460 Fed. App'x 202 (4th Cir. 2011). Accordingly, plaintiff cannot state an Eighth Amendment claim against Roberts, Zank, Hoy, and Roberts for their failure to find him housing upon his release.

While plaintiff also challenges Fond du Lac's policy of prohibiting convicted felons from living in the city if they are not a former city resident and the crime was not committed in the city, he provides no further detail about the policy and how it was enforced against him. However, given the Wisconsin DOC Offender Locator database shows that plaintiff is a

2

convicted sex offender in Vilas County, Wisconsin, it is possible to infer that plaintiff is challenging City of Fond du Lac Ordinance § 500-15(C)(1) (accessed at https://ecode360.com/36716717?highlight=3745&highlight=no&highlight=ord&searchId=3431940946788064#33518441), which only permits the supervised release of sex offenders in the city *if* the offender committed the offense in Fond du Lac County, which plaintiff did not. Courts have allowed plaintiffs to challenge similar types of ordinances under the Due Process Clause of the Fourteenth Amendment, as well as Article I's prohibition on ex post facto laws. *See Nelson v. Town of Paris*, 78 F.4th 389, 393 (7th Cir. 2023); *Koch v. Village of Hartland*, 43 F.4th 747, 748 (7th Cir. 2022); *see also Collins v. Youngblood*, 497 U.S. 37, 43 (1990) (state cannot pass ex post facto law that "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts"). Nonetheless, because the complaint is so lacking in detail, it is not possible for the court to determine whether it has jurisdiction over plaintiff's potential claims against the city. *See* Rule 8 (requiring plaintiff to provide notice to defendants of what he believes each defendant did to violate his rights). Accordingly, plaintiff will be given an opportunity to amend his complaint to provide further detail about the city's policy and how it was enforced against him. If plaintiff submits a proposed amended complaint by February 3, 2026, the court will review it for potential jurisdictional issues. If plaintiff fails to respond to this order by that deadline, the case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Paul-Michael Ziegfield Stardust's complaint (dkt. #1) is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8.

2) Plaintiff shall have until February 3, 2026, to submit an amended complaint that omits the Department of Corrections defendants and provides additional details related to his claim that defendant City of Fond du Lac enforced an unconstitutional policy against him.  If plaintiff submits a proposed amended complaint by that date, the court will review it for potential jurisdictional issues, but if he files nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

Entered this 14th day of January, 2026.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge